UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADELYN ZUPPARDO**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1080** |
| **FRANK CARACCI, et al.,**<br>     **Defendants** | **SECTION "E"** |

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration of this Court's prior order[1] continuing the trial in the above-captioned case.[2] The motion is **DENIED** for the reasons set forth in the Court's prior order, and for the following reasons set forth below.

The Court has reviewed Defendants' Motion for a Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, in the alternative, for Summary Judgment pursuant to Rule 56,[3] and Plaintiff's opposition memorandum thereto.[4] The Court has determined that, in order for it to render a decision on Defendants' motion and to properly prepare this matter for trial, the Court requires additional information and legal memoranda citing appropriate authority.

First, Plaintiff shall file an amended complaint no later than **February 8, 2013**.

---

[1] R. Doc. 40.

[2] R. Doc. 41.  Defendants have filed an opposition memorandum to Plaintiff's motion.  *See* R. Doc. 42.

[3] R. Doc. 35.

[4] R. Doc. 37.

1

Such amended complaint shall: (1) set forth with particularity the injuries Madelyn and Sabrina Zuppardo allegedly suffered as a result of the events involving Defendants on May 14, 2011, (2) clarify whether Sheriff Newell Normand is being sued in only in his individual capacity, only in his official capacity, or in both his individual and official capacities, and (3) clarify the constitutional violations that Defendants allegedly committed. Defendants shall answer Plaintiff's amended complaint no later than **February 15, 2013.**

Second, Defendants' pending motion for judgment on the pleadings, or in the alternative, for summary judgment[5] is **DISMISSED WITHOUT PREJUDICE**. Defendants shall reurge their motion no later than **February 22, 2013**. Such motion shall request relief pursuant to Rule 12(c) or Rule 56. It shall not be styled as a motion in the alternative. If Defendants intend to attach evidence to their motion, Defendants must file a motion for summary judgment in order for such evidence to be properly before the Court. If Defendants choose to file a motion for summary judgment, Defendants must include a statement of uncontested material facts in accordance with L.R. 56.1.[6] Defendants' motion, whether pursuant to Rule 12(c) or Rule 56, must address the legal standard for qualified immunity and the relevant burden of proof with respect thereto. Furthermore, as Defendants may not be entitled to qualified immunity, Defendants' motion also shall address the legal standard for Plaintiff's claims on the merits and the relevant burden of proof with respect thereto.

Plaintiff shall respond to Defendants' motion no later than **March 8, 2013**. If Defendants file a motion for summary judgment, Plaintiff's opposition memorandum must

---

[5] R. Doc. 35.

[6] Each uncontested material fact must be supported by citations to evidence in the record.

include a statement of contested material facts in accordance with L.R. 56.2.[7] The Court reminds Plaintiff's counsel that L.R. 56.2 provides that "[a]ll material facts in the moving party's statement [of uncontested material facts] will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." In addition, Plaintiff's opposition memorandum must respond to Defendants' argument that they are entitled to qualified immunity and their arguments on the merits. Defendants' motion will be deemed submitted to the Court as of **March 15, 2013**.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this __28th__ day of January, 2013.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[7] Each contested material fact must be supported by citations to evidence in the record.