**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MADELYN ZUPPARDO, ET AL. | * | |
| *Plaintiffs* | * | CIVIL ACTION |
| | * | |
| versus | * | NO: 2:12-CV-1080-SM-ALC |
| | * | |
| FRANK CARACCI, ET AL. | * | SECTION: "E" (5) |
| *Defendants* | * | |
| | * | |
| | * | JURY TRIAL |

**************************************************************************

**SURREPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY
OF MAJOR KERRY NAJOLIA REC. DOC. 60**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, to submit this Surreply to Defendant's Memorandum in Opposition to Plaintiff's Motion in Limine, to exclude the expert testimony of Defendant JPSO's employee, Kerry J. Najolia, based on the reasons Plaintiffs presented in their opening Memorandum and those presented in this Surreply Memorandum.

**LAW AND ARGUMENT**

Even a cursory review of Najolia's "expert" report demonstrates that he merely reiterates what is in the depositions of the deputies, and only the deputies, disregards the testimony of others, and provides nothing new which would assist the trier of fact in making a determination. Najolia provides no explanation why he completely ignores contradicting testimony contained in the same documents he reviews. He completely failed to review the testimony of the Plaintiffs or any of their witnesses. In doing so, he is clearly making impermissible credibility

1

determinations and improperly usurping the jury's role in making such determinations.  United States v. Farrell, 563 F.3d 364, 377-78 (8th Cir 2009).

His methodology is defective and not the techniques used by peers in the field.  His report is cumulative and his testimony will essentially replicate Mr. Armbruster's report.  Since both of Defendants' experts provide the same information, there is no necessity for two experts to testify as to the law enforcement techniques and the arrest at hand.  Any testimony, of any kind, Najolia supplies will be both duplicative and cumulative.     Defendants claim four expert witnesses in total, with two of them being supplied by its vendor, Taser who supplies said experts to assist in any litigation involving its products.    Expert testimony is only available if it is helpful for the jury to make a factual determination.  Pipitone v. Biomatrix, Inc., 288 F.3d 239, 244 (5th Cir. 2002).  This testimony is clearly not helpful to a jury who can decide, for themselves, if the deputies' excessive and brutal use of force is reasonable.   The only thing that Najolia's report does is recite the Deputies' testimony and provides a rubber stamp which states that they Deputies did everything correctly.  This does nothing to assist the jury and, in fact, provides the jury with the false pretense that Najolia's testimony is solely based upon science, knowledge, and experience and attempts to turn the testimony of an interested party to these proceedings to that of the impassioned expert.  This type of deception does nothing to assist the jury in seeking the truth.

Despite Defendant's contrary assertions that Najolia's testimony will be limited to the training in the use of the Taser and guidelines for the application of policy and procedures, including use-of-force principles, his testimony will include legal conclusions that improperly invade the province of the fact finder, that being that there are no lesson plans or anything else provided to the officers in training.  His report is full of these statements. His methodology is

2

seriously flawed in that he failed to review all the testimony, has no documents on Taser training, he does not mention the violations of Taser Training Manual 18 that occurred, nor does he mention that the deputies were completely unaware of the updated instructions contained in Training Manual 18.  Defendant JPSO has no evidence in the form of lesson plans or testing documents regarding what was taught to deputies about the X-26 Taser ECD nor are there X-26 testing documents for any deputy.  Most of the deputies have no grade at all.  Najolia's testimony is therefore unsupported, unfounded, irrelevant, and is entirely hearsay. Najolia will testify the deputies were tested with a curriculum on the latest X-26 Taser training, but there are no documents to support his "expert testimony" that that occurred.  Is he going to give his "expert testimony" as to whether the deputies were trained?  Clearly that is not allowable.  The only evidence, which was provided was one piece of paper which stated that the three deputies had a half hour of recurrent X-26 training and that they had passed with no grades.   There are no tests, test results, curriculum, or any other documents saying what happened in recurrent training.  Najolia's name is not on these Taser recurrent training papers.  Najolia does not  even say he personally trained these defendants annually in this alleged recurrent training.  He also incorrectly stated that Tasers are not available to the general public.

 Najolia is working for the Jefferson Parish Sheriff's Office and did part of the other police training of defendants.  Instead of being an expert witness, he should be considered a fact witness only due to the fact that he is biased in that he is still working for the department especially since he is also testifying to while he is on duty.  Of course he did not give defendants any of the noted X-26 Taser training of .5 hrs. a year. In fact, some years Caracci got no retraining whatsoever despite that being a requirement of Taser International. There is even a warning label on each X-

26 Taser that "Comply with current training material and requirements" and to see www.taser.com.

The U.S. Supreme Court defined the Fourth Amendment's objective reasonableness force standard in <u>Tennessee v. Garner,</u> 471 U.S. 1 (1985) and in <u>Graham v. Conner</u>, 490 U.S. 386 (1989), which is based on an officer's objective assessment of the three prongs of the Graham test, which include: 1) the severity of the suspect's crimes; 2) the immediacy of the threat posed by the suspect to the safety of the officers or others; and 3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. Madelyn and Sabrina Zuppardo were not attempting flight, Madeline Zuppardo was noticeably secured by handcuffs, neither Zuppardo were resisting or assaulting the officers, and Sabrina was placed in handcuffs. The jury does not need Major Najolia to form their opinion on whether this is proper use of force and certainly the defendants are not entitled to have two experts on the same topic in a redundant and cumulative manner.

**CONCLUSION**

For the foregoing reasons, and those in Plaintiffs' opening Memorandum, this Court must Grant Plaintiffs' motion and exclude Kerry J. Najolia from testifying as an expert witness.

Filed: July 29, 2013

4

Submitted by:

*s/ Glenn C. McGovern*
Glenn C. McGovern (La. 9321)
Attorney for Plaintiffs
Madelyn Zuppardo and Sabrina Zuppardo
P.O. Box 516
Metairie, La. 70004
Ph. 504-456-3610
Fax 504-456-3611
Email: gcmcg@mac.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Surreply to Defendant's Memorandum in Opposition of Plaintiff's Motion in Limine to Exclude the Testimony of Defendant's Expert Kerry Najolia, has been forwarded to Mr. Daniel Martiny and Mr. Joseph P. Lopinto, III, 131 Airline Hwy, Ste. 201, Metairie, LA 70001, via facsimile, and/or U.S. First Class Mail, and/or certified mail, return receipt requested, properly addressed, postage prepaid on this ___29th___ day of _July_, 2013.

*s/ Glenn C. McGovern*
Glenn C. McGovern, Attorney for Madelyn & Sabrina Zuppardo