UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADELYN ZUPPARDO**<br>　　**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1080** |
| **FRANK CARACCI, et al.,**<br>　　**Defendants** | **SECTION "E"** |

**ORDER**

Plaintiffs ask the Court to exclude the expert testimony of Officer Kerry Najolia, asserting that (1) his opinion is improperly based on disputed facts and (2) would not assist the trier of fact because it contains only recitations of other evidence in the record or bare conclusions.[1]

The first objection is without merit. "The language 'facts or data' [in Rule 702] is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence." Fed. R. Evid. 702 advisory committee note. Accordingly, so long as Defendants introduce sufficient evidence at trial to support their version of the facts (and these facts are

---

[1] In their response, Defendants offer to stipulate that they will not elicit testimony from Officer Najolia concerning opinions 15 and 16 and assert that opinion 5 is irrelevant. The Court accepts this stipulation and Defendants' representation as to relevance for purposes of Officer Najolia's testimony. Defendants are further instructed that Officer Najolia may not reguritate (or anticipate) factual testimony about the events at issue. Instead, once the facts necessary for him to render an opinion are in evidence, he may assume those facts as a hypothetical and give opinion testimony. Plaintiffs may use cross-examination during the introduction of the factual testimony or during Officer Najolia's testimony to test the correctness of whatever facts he assumes as the basis for his opinions.

1

the version of the facts assumed by Officer Najolia), they may ask Officer Najolia to provide an opinion based on an assumption of those facts.[2] *See Estate of Carey v. Hy-Temp Mfg., Inc.*, 929 F.2d 1229, 1235 n.2 (9th Cir.1991) ("[E]xpert witnesses may be competent to give opinions based upon hypothetical facts even though a foundation that the expert has personal knowledge of those facts has not been laid.").[3]

The second objection is also without merit. For example, Officer Najolia's report states that it is his opinion that "[t]he Defensive Tactics used to effect the arrest and control Sabrina Zuppardo's resistant behavior were authorized by Departmental Policy, were POST approved, and in accordance with state/national accepted police practices."[4] Such testimony obviously bears on the issue whether the arresting officers used excessive force, and such knowledge is outside the ken of laymen. That Officer Najolia's proposed testimony could "embrace[] an ultimate issue" is not a reason to exclude it. Fed. R. Evid. 704(a).

Accordingly, Plaintiffs' motion to exclude the testimony of Officer Najolia is **DENIED**. But nothing in this order limits Plaintiffs' ability to lodge an objection to or during Officer Najolia's testimony at trial if one is appropriate. For example, the Court will not permit duplicative expert testimony, and Officer Najolia may not testify as to the law, which includes but is not limited to an opinion on Defendants' compliance with state or

---

[2] It remains, of course, for the jury to decide which version of the facts to believe and therefore which opinions are relevant.

[3] Factual testimony on the training provided by the Jefferson Parish Sheriff's Office and specifically to these officers must be based on his personal knowledge.

[4] R. Doc. No. 59-9, p. 10.

other laws.

New Orleans, Louisiana, this 13th day of August, 2013.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE