# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MADELYN ZUPPARDO, ET AL. | * | |
| *Plaintiffs* | * | **CIVIL ACTION** |
| | * | |
| versus | * | **NO: 2:12-CV-1080-SM-ALC** |
| | * | |
| | * | |
| FRANK CARACCI, ET AL. | * | **SECTION: "E" (5)** |
| *Defendants* | * | |
| | * | |
| | * | **JURY TRIAL** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

NOW INTO COURT, through undersigned counsel, comes plaintiffs, Madelyn Zuppardo and Sabrina Zuppardo, who submits the following Proposed Jury Instructions for the Court's consideration. Where available, the Fifth Circuit's Pattern Jury Instructions have been utilized and proposed. In some instances, the suggested instructions have been adapted from case law and other circuits and West's Civil Jury Instructions by Johnson for state law claims.

Respectfully  Submitted September 9, 2013,  By:


By:
/s/ *Glenn C. McGovern*
Glenn C. McGovern,
Attorney for Plaintiff Madelyn Zuppardo and Sabrina Zuppardo
P.O. Box 516
Metairie, La. 70004
 La. Bar. No. 9321
Email: gcmcg@mac.com
Phone (504) 456-3610
Fax (540) 456-3611

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

### Proposed Jury Instruction No. 1

**MEMBERS OF THE JURY:**

You have heard the evidence in this case.  I will now instruct you on the law you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

(Authority: Fifth Circuit Pattern Jury Instructions 3.1 (2006)).

3

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 2**

IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

(Authority: Fifth Circuit Pattern Jury Instructions 2.16 (2006)).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 3**

PLAINTIFFS' CLAIMS - GENERALLY

In this case, plaintiffs, Madelyn Zuppardo and Sabrina Zuppardo has brought claims under 42 U.S.C. § 1983, alleging violations of their rights under the United States Constitution, and claims under the laws of the State of Louisiana.  Plaintiffs, Madelyn Zuppardo and Sabrina Zuppardo allege constitutional claims and  Louisiana state law claims.  All of these constitutional and state  claims involved plaintiffs Madelyn Zuppardo and Sabrina Zuppardo.

First, plaintiff, Sabrina Zuppardo alleges that she was arrested on May 14, 2011, and subjected to excessive force, assaulted and battered by Frank Caracci, in the course of his employment as a deputy under the supervision of Sheriff Newell Normand. This is called an excess force claim and also for state law claims under assault and battery by Frank Caracci.

Second, plaintiff Madelyn Zuppardo alleges that she was arrested on May 14, 2011, and subjected to excessive force by being Tased with a X26 Taser Electronic Control Device more than once, by Frank Caracci and Sean Williams, in the course of their employment as deputies under the supervision of Sheriff Newell Normand. This is called an excess force claim.

Third, plaintiffs Madelyn Zuppardo and Sabrina Zuppardo state claims that Sheriff Newell Normand failed to investigate Frank Caracci's  and Sean Williams previous complaints in violation of the Jefferson Parish Sheriff's Office  Policies and Procedures, against Frank Caracci and Sean Williams and to thereafter investigate and talk to witnesses that would verify Frank Caracci and Sean Williams acted with malice and made false allegations against the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo excess force was required and deny that excess force was used on both plaintiffs Madelyn Zuppardo and Sabrina Zuppardo.

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

Fourth, plaintiffs Madelyn Zuppardo and Sabrina Zuppardo allege that they were injured due to the negligent supervision and negligent training in the use of force and use of the X26 Taser Electronic Control Device by Frank Caracci and Sean Williams.

Fifth, plaintiff, Madelyn Zuppardo alleges Sheriff Newell Normand was negligent and deliberately indifferent in that he failed to have and to implement thru adequate training policies in the Jefferson Parish Sheriff's Policy Manual for Deputies to follow on proper X26 Taser Electronic Control Device use regarding have rules to prohibit or restrict the following: multiple excessive Taser deployment, shooting X26 darts (probes) in the chest area, X26 Taser deployment on the breast/genitals, using the X26 Taser Electronic Control in the drive-stun mode, rules on who removes the X26 Taser darts (probes) (i.e. EMT's or Deputies), prohibiting shooting X26 Taser darts (probes) in the head, use of the X26 Taser Electronic Control Device on pregnant women and use of the X26 Taser Electronic Control Device on persons of small body weight (BMI), and a policy to periodically download X26 Taser weapon deployment data so as to avoid loss of such data as recommended prior to the May 14, 2011, by the manufacturer of the X26 Taser Electronic Control Device in its Taser International Training Materials.

Sixth, Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo allege the Sheriff Newell Normand was negligent in that Frank Caracci and Sean Williams were not properly annually re-certified, properly trained in X26 Taser training and failed to comply with current training materials and requirements.

Seventh, Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo allege Frank Caracci and Sean Williams acted under color of state law using excess force, assaulting and battery on Plaintiffs Madelyn Zuppardo and Sabina Zuppardo.

(Authority: Amend. Compl. ¶¶ 53-57).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 4**

PLAINTIFFS EXCESS FORCE CLAIMS
FOURTH AMENDMENT/FOURTEENTH AMENDMENT: EXCESSIVE FORCE AGAINST
ARRESTEE OR PRETRIAL DETAINEE- ELEMENTS

In this case, Plaintiff Madelyn Zuppardo and Sabrina Zuppardo claim that Defendants

Frank Caracci and Sean Williams used excessive force against them. To succeed on this claim,

Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendants Frank Caracci and Sean Williams used unreasonable force against Plaintiffs

Madelyn Zuppardo and Sabrina Zuppardo;

2. To succeed on this claim, Plaintiff Madelyn Zuppardo must prove by a preponderance of the

evidence that Defendants Frank Caracci and Sean Williams used unreasonable force against

Madelyn Zuppardo and Sabrina Zuppardo.

3.  Defendants Frank Caracci and Sean Williams acted under color of law.

If you find that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo has proved each of these

things by a preponderance of the evidence, then you should find for Plaintiffs Madelyn Zuppardo

and/or Sabrina Zuppardo, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo did

not prove any one of these things by a preponderance of the evidence, then you should find for

Defendant, and you will not consider the question of damages.

Committee Comments of 7th Circuit Fed. Ct. of Appeals on this charge:
a. Unreasonable Force: For authority regarding the "unreasonable force" element of the claim,
see Graham v. Connor, 490 U.S. 386 (1989); Tennessee v. Garner, 471 U.S. 1 (1985); Deering v.
Reich, 183 F.3d 645 (7th Cir. 1999). Although Graham and Garner are Fourth Amendment cases
involving arrestees, Wilson v. Williams, 83 F.3d 870, 876 (7th Cir. 1996), states that the same

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

standard applies to pretrial detainees. A separate instruction applies to cases involving convicted prisoners.

If the defendant contends that the application of force was accidental, the court may wish to break the first element into two:

1. Defendant intentionally used force against Plaintiff;
2. The force Defendant used was unreasonable;

b. Harm to Plaintiff: Although some other circuits include an element of "damage" in their pattern instruction, see, e.g., EIGHTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS § 4.30 (1999), the Committee believes that there is significant doubt as to whether damage, or "harm" as that term is commonly understood, is actually required for a finding of liability under §1983. Though "harm" in the commonly-understood sense is likely to exist in most excessive force

141 (2005 rev.)

cases, some cases will arise in which it does not, e.g., a situation in which an officer strikes the plaintiff with his hand but leaves no mark and causes no lingering injury or pain. In such cases, the court will need to determine whether the jury should be instructed on this point.

In Gumz v. Morrissette, 772 F.2d 1395, 1400 (7th Cir. 1985), the court held that an officer's use of force was unconstitutional if it (1) caused severe injuries; (2) was grossly disproportionate to the need for action under the circumstances; and (3) was inspired by malice or shocked the conscience. Gumz, however, was overruled by Lester v. City of Chicago, 830 F.2d 706 (7th Cir. 1987), which used the same "totality of the circumstances test" that was later adopted by the Supreme Court in Graham v. Connor, 490 U.S. 386 (1989). In Lanigan v. Village of East Hazel Crest, Illinois, 110 F.3d 467 (7th Cir. 1997), the court upheld a claim based on force consisting of "one violent push and poke," noting that the plaintiff "need not have been injured to have an excessive force claim." Id. at 470 n.3. In McNair v. Coffey, 279 F.3d 463 (7th Cir. 2002), the court addressed a claim arising from an incident in which no physical force was used, but officers pointed their weapons at the plaintiffs. Though it determined that the officers were entitled to qualified immunity, and indicated that the Fourth Amendment appeared to require some use of force, id. at 467, the majority ended its opinion with the statement "we do not foreclose the possibility that the circumstances of an arrest could become 'unreasonable' without the application of physical force." Id. at 468. See also Herzog v. Village of Winnetka, Ill., 309 F.3d 1041, 1043 (7th Cir. 2002) (refusal to loosen chafing handcuffs or shoving an arrestee would constitute actionable excessive force)

Even if, as McNair indicates, an application of force is required in order to implicate the Fourth Amendment, it is not at all clear that the plaintiff must suffer "harm" in order to obtain a finding of liability; the availability of nominal damages in excessive force cases suggests that "harm" is not a requirement. See, e.g., Briggs v. Marshall, 93 F.3d 355, 360 (7th Cir. 1996) (indicating that nominal damages may be awarded in a Fourth Amendment excessive force case where no injury resulted from the use of excessive force, where the evidence of actual injury is not credible, or where the injury has no monetary value). Because the issue of whether a plaintiff must prove "harm" is not definitively resolved, the Committee placed the second element in brackets, indicating that a court should give this part of the instruction to the jury at its discretion.

c. Third element: The third element should be eliminated if the "color of law" issue is not in dispute.

d. Single Element Instruction: If the second and third elements are eliminated, only one element will remain, and the instruction's second sentence should read as follows: "To succeed on this

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

claim, Plaintiff must prove by a preponderance of the evidence that Defendant used unreasonable force against him."

Source: 7th Cir. Federal Ct. of Appeal Jury instructions Form 7.08; 142 (2005 rev.)

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

### Proposed Jury Instruction No. 5

SPECIAL INSTRUCTION TO ONLY CONSIDER QUESTION OF MUNICIPAL LIABILITY
IF CONSTITUTIONAL VIOLATION PROVED

If you have found that Defendants, Frank Caracci and Sean Williams did not violate plaintiffs, Madelyn Zuppardo and Sabrina Zuppardo's, Constitutional rights, you must not consider Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo's claim  of municipal liability claim against Sheriff Newell Normand.  If you have found that at least one of the Police Defendant officers, Frank Caracci and/or Sean Williams violated one of the plaintiffs Madelyn Zuppardo and Sabrina Zuppardo's constitutional rights, then you must consider Sheriff Newell Norman's municipal liability claims.

(Authority: See *Chauvin v. Sheriff Harry Lee*, No. Civ. A. 99-2200, 2000 WL 1537988, at *2 (E.D.La. 2000)(citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120-22 (1992))).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 6**

COMPENSATORY DAMAGES

If you find that some or all of the police Defendants Frank Caracci, Sean Williams and Sheriff Newell Normand are liable to Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, then you must determine an amount that is fair compensation for all of the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs  Madelyn Zuppardo and Sabrina Zuppardo whole—that is, to compensate the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo for the damage that the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo has suffered. Compensatory damages are not limited to expenses that the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo may have incurred because of their injuries. If the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo wins, they are entitled to compensatory damages for loss of property and/or the physical injury, pain and suffering, and discomfort that he has suffered because of some or all of the Police Defendants' conduct.

You may award compensatory damages only for injuries, which the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, proves was proximately caused by the Police Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's Madelyn Zuppardo and Sabrina Zuppardo's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the  Police Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo has actually suffered or that the Plaintiff Madelyn Zuppardo and Sabrina Zuppardo is reasonably likely to suffer in the future.

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo proves the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you find for the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, each  are entitled to recover an amount that will fairly compensate them for any damages they have suffered to date.

(Source: Authority: Fifth Circuit Pattern Jury Instructions 15.2; 15.3)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 7**

INJURY/PAIN

You may award damages for any bodily injury that the Plaintiff Madelyn Zuppardo and Sabrina Zuppardo, sustained and any pain and suffering that the Plaintiff Madelyn Zuppardo and Sabrina Zuppardo experienced in the past as a result of this arrest. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo for the damages each has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

(Source: Authority: Fifth Circuit Pattern Jury Instructions 15.4)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Plaintiffs' Proposed Jury Instruction No. 8**

NOMINAL DAMAGES

If you have found that the Police Defendants Frank Caracci and Sean Williams violated

the constitutional rights of Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, but that Plaintiffs

Madelyn Zuppardo and Sabrina Zuppardo did not prove that they suffered any actual injuries,

then you may still provide Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, with nominal

damages.[1] Nominal damages are not to exceed $1 for each Police Defendant Frank Caracci and

Sean Williams.[2]

(Authority: *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978)).

---

[1] *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978).
[2] *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); *Park v. Shiflett*, 250 F.3d 843, 854 (4th Cir. 2001).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 9**

**PUNITIVE DAMAGES**

If you find that the Police Defendants Frank Caracci and Sean Williams are liable for the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo's injuries, you must award the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo the compensatory damages that each has proven. You also may award punitive damages, if the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo have proved that the Defendant Police Frank Caracci and Sean Williams acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the Defendant Police Frank Caracci and Sean Williams conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Police Defendant Frank Caracci and Sean Williams for shocking conduct, and to deter the Police Defendants and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo has been made whole by compensatory damages, so punitive damages should be awarded only if the Police Defendant's Frank Caracci and Sean Williams misconduct, after having paid compensatory damages, is so reprehensible as to warrant the

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

imposition of further sanctions to achieve punishment or deterrence. You may consider the

financial resources of the Police Defendants Frank Caracci and Sean Williams in fixing the

amount of punitive damages and you may impose punitive damages against one or more of the

Police Defendants and not others, or against more than one Police Defendant in different

amounts.

PUNITIVE DAMAGES

(Source Authority: Fifth Circuit Pattern Jury Instructions 15.13; *see Phillips v. Hunter*

*Trails Comty. Ass'n*, 685 F.2d 184, 191 (7th Cir. 1982); *Davis v. Mansards*, 597 F. Supp. 334,

347 (N.D. Ind. 1984)).[3]

_____

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 10**

MULTIPLE CLAIMS— MULTIPLE DEFENDANTS

You must not award compensatory damages more than once for the same injury. For example, if the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, prevails on more than one claim and establish a dollar amount for their injuries, you must not award them any additional compensatory damages on each claim. The Plaintiff Madelyn Zuppardo and Sabrina Zuppardo are only entitled to be made whole once, and may not recover more than they have lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo fully for all of their injuries.

With respect to punitive damages, you may make separate awards on each claim that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo has established.

You may impose damages on a claim solely upon the Police Defendant or Police Defendants that you find are liable on that claim. Although there is more than one Police Defendant in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each Police Defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other police defendants. If you find that only one Police Defendant is responsible for a particular injury, then you must award damages for that injury only against that Police Defendant.

You may find that more than one Police Defendant is liable for a particular injury. If so, the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, is not required to establish how much of the injury was caused by each particular Police Defendant whom you find liable. Thus, if you conclude that the Police Defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages. If you decide that any or all of the Police Defendants are

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

jointly liable on a particular claim, then you may simply determine the overall amount of

damages for which they are liable, without determining individual percentages of liability.

(Source Authority: Fifth Circuit Pattern Jury Instructions 15.14).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 11**

INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.

I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

(Authority: Fifth Circuit Pattern Jury Instructions 2.12)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 12**

7.16 FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS: CLAIM FOR FAILURE OF
"BYSTANDER" OFFICER
TO INTERVENE - ELEMENTS

To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by

a preponderance of the evidence:

1. Frank Caracci and Sean Williams used excessive force on Plaintiffs Madelyn Zuppardo and

Sabrina Zuppardo.

2. Each Police Defendant Frank Caracci and Sean Williams knew that other Police Defendant

Officer was about to use excessive force on Plaintiff Madelyn Zuppardo and Sabrina Zuppardo;

3. Each Police Defendant Frank Caracci and Sean Williams had a realistic opportunity to do

something to prevent harm from occurring to each Plaintiff Madelyn Zuppardo and Sabrina

Zuppardo;

    4. Defendant Police Officers Frank Caracci and Sean Williams failed to take reasonable

        steps to prevent harm from occurring;

    5. Defendant's Police Officers Frank Caracci and Sean Williams failure to act caused

        Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo to suffer harm;

[6. Police Defendants Frank Caracci and Sean Williams acted under color of law].

If you find that Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo  has proved each of these

things by a preponderance of the evidence, then you should find for Plaintiffs Madelyn Zuppardo

and Sabrina Zuppardo, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff  Madelyn Zuppardo and Sabrina Zuppardo has failed

to prove any one of these things by a preponderance of the evidence, then you should find for

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

Police Defendants Frank Caracci and Sean Williams, and you will not consider the question of

damages.


Source Authority: 7th Cir. Ct.  Federal Appeals Pattern Jury Instruction

Committee Comments
a. Authority and Usage: See Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 477-478
(7th Cir. 1997); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). This instruction applies in the
case of a "standby officer."
b. Color of Law: The sixth element should be eliminated if the "color of law" issue is not in
dispute.
c. Principal Actor Out of Case: If the officer who engaged in the alleged constitutional violation
has settled, or is otherwise not involved in the case, a court will need to
153 (2005 rev.)
adjust the instructions to ensure that the jury has a sufficient understanding of the underlying
constitutional issue.

<u>**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**</u>

**Proposed Jury Instructions No. 13**

**§9:100  42 U.S.C. §1983**

42 U.S.C. §1983 provides that:

> "Any person who, under color of state law, deprives another of any rights,
>
> privileges, or immunities secured by the Constitution and laws shall be liable to
>
> the party injured in an action at law, suit in equity, or other proper proceeding for
>
> redress."

<u>**Comments**</u>

**Source of Instruction:** 42 U.S.C. §1983 (2003).

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

### Proposed Jury Instructions No. 14

**§9:101  Introductory Instruction — Third Circuit**

Plaintiffs, Sabrina Zuppardo and Madelyn Zuppardo are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional and statutory rights under color of state law.

### Comments

**Source of Instruction**: *Model Jury Instructions (Civil) Third Circuit* §4.1 (2006).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instructions No. 15**

**§9:102  Elements of Claim — Third Circuit**

Plaintiff, Madelyn Zuppardo and Sabrina Zuppardo. must prove both of the following elements by a preponderance of the evidence:

First:  Police Defendants acted under color of state law.

Second: While acting under color of state law, police defendants deprived Plaintiff Madelyn Zuppardo and Sabrina Zuppardo, of federal and/or state constitutional rights.

**Comments**

**Source of Instruction**: *Model Jury Instructions (Civil) Third Circuit* §4.3 (2006).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instructions No. 16**

**§9:103  Action Under Color of State Law- Third Circuit**

The first element of Plaintiff,  Madelyn Zuppardo and Sabrina Zuppardo's claim in that, Police Defendants acted under color of state law.  This means that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo must show that Police Defendants Frank Caracci and Sean Williams were using power that it possessed by virtue of state law.

A person can act under color of state law even if the act violates state law.  The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

**Comments**

**Source of Instruction:** *Model Jury Instructions (Civil) Third Circuit* §4.4 (2006).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instructions No. 17**

**§9:320  Municipal Employers**

Municipal liability for constitutional torts arises only when the execution of an official policy or custom of the municipality causes the constitutional injury.

**Comments**

**Source of Instruction**: *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978).

**Federal Circuits**

**Second:** *Sagendorf-Teal v. County of Rensselaer,* 100 F.3d 270, 277 (2nd Cir. 1996).

**Fourth:** *Knight v. Vernon,* 214 F.3d 544, 552 (4th Cir. 2000); *see also Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999).

To show that municipality's policies were moving force behind injury alleged, an employee must prove that relevant municipal action or inaction was taken with deliberate indifference to a person's, Madelyn Zuppardo and Sabrina Zuppardo's rights.  *Robinson v. Balog,* 160 F.3d 183, 190 (4th Cir. 1998).

**Sixth:** The Sixth Circuit held that for a municipality to be held liable under an inaction claim, the Plaintiff's Madelyn Zuppardo and Sabrina Zuppardo must establish:

"(1) The existence of a clear and persistent pattern of discrimination by municipal employees; (2) Notice or constructive notice on the party of the City; (3) The City's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) That the City's custom was the "moving force" or direct causal

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

link in the constitutional deprivation." *Arendale v. City of Memphis,* 519 F.3d

587, 599-600 (6th Cir. 2008).

**Seventh:** *Taylor v. Carmouche,* 214 F.3d 788, 791 (7th Cir. 2000).

**Tenth:** *Curtis v. Oklahoma City Public Schs. Bd. of Educ.,* 147 F.3d 1200, 1216 (10th Cir. 1998).

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

### Proposed Jury Instructions No. 18

#### §9:390  Compensatory (No Punitives v. Public Employer)

An award for damages for emotional suffering permitted in a §1983 case.  The Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo are required to convince the trier of fact that they actually suffered distress because of the denial of procedural due process itself.

### Comments

**Source of Instruction:** *Carey v. Piphus,* 435 U.S. 247, 263 (1978).

#### Federal Circuits

**Second:** *Miner v. City of Glenn Falls,* 999 F.2d 655, 662 (2nd Cir. 1993).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instructions No. 19**

**Article 2320 Acts of servants**

Employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. Responsibility only attaches, when the employer might have prevented the act which caused the damage and have not done it.

**Source:** La C.C. Article 2320

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 20**

**Preponderance of the Evidence in Louisiana Civil Cases is more probable than not**

In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the Police Defendants Frank Caracci, Sean Williams and Sheriff Newell Normand by a preponderance of the evidence. Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows the fact sought to be proved is more probable than not. Thus, the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo in this type of action must produce evidence from which the factfinder can reasonably conclude their injuries, more probable than not, were caused by the negligence of the particular Police Defendant Frank Caracci, Sean Williams and Sheriff Newell Norman. The Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo, however do not have to conclusively exclude all other possible explanations for their injuries, because the standard is not proof beyond a reasonable doubt, like in a criminal proceeding. Placing the burden of proof on the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo requires them ultimately to persuade the factfinder concerning the Police Defendant's negligence, and if the factfinder is undecided after all the evidence has been presented, the Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo loses because of their failure of evidence.

**Source:** Eason's Personal Injury Law, p. 274, Chapter 15  and *Hanks v. Entergy Corp.*, 944 So. 2d 564, (La. S.C. 12/18/06

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 21**

7.09 FOURTH AMENDMENT/FOURTEENTH AMENDMENT: EXCESSIVE FORCE -
DEFINITION OF "UNREASONABLE"

You must decide whether Police Defendant's Frank Caracci and Sean Williams use of

force was unreasonable from the perspective of a reasonable officer facing the same

circumstances that Police Defendant Frank Caracci and Sean Williams faced. You must make

this decision based on what the Police Officer Defendant knew at the time of the arrest, not based

on what you know now. In deciding whether Police Defendant's use of force was unreasonable,

you must not consider whether Police Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the

circumstances.


Source 7th Cir. Ct. Court of Appeals Pattern Charges 7.09
Committee Comments
a. Authority: Graham v. Connor, 490 U.S. 386, 396 (1989); Tennessee v. Garner, 471
U.S. 1, 8-9 (1985); Deering v. Reich, 183 F.3d 645 (7th Cir. 1999).
b. Factors: Case law establishes a number of factors that may be relevant to the jury's
determination of whether a particular use of force was unreasonable. The Committee did not list
these factors in the instruction because the jury is to consider all circumstances, and the listing of
some might suggest that others are irrelevant. However, a court may wish to consider giving a
list of factors for the jury's consideration, and if it elects to do so the following is proposed:
- the need for the use of force;
- the relationship between the need for the use of force and the amount of force used; - the extent
of the plaintiff's injury;
- any efforts made by the defendant to temper or limit the amount of force;
- the severity of the crime at issue;
- the threat reasonably perceived by the officer(s);
- whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing.
See Graham v. Connor, 490 U.S. at 396 (fifth, sixth, and seventh factors). In Wilson v. Williams,
83 F.3d 870 (7th Cir. 1996), a Fourteenth Amendment excessive force case involving a pretrial
detainee, the Seventh Circuit listed factors one, two, three, four, and six from the above list, and
stated that they are "generally relied on in the Fourth Amendment excessive force context." Id. at
143 (2005 rev.)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

876. For this proposition, however, the court cited Hudson v. McMillian, 503 U.S. 1, 7 (1992), which was an Eighth Amendment case, not a Fourth Amendment case. See generally Eighth Circuit Manual of Model Jury Instructions (Civil) 4.10 (1999) (using factors one, two, and three). c. Deadly Force: The final (bracketed) paragraph applies only in cases involving an officer's use of deadly force. Tennessee v. Garner, 471 U.S. 1, 11-12 (1985); Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir. 1988). With regard to the final (bracketed) sentence of this paragraph, see Deering v. Reich, 183 F.3d 645, 652-653 (7th Cir. 1999); Plakas v. Drinski, 19 F.3d 1143, 1148 (7th Cir. 1994). The fact that a particularized instruction is proposed for deadly force cases does not preclude the consideration or giving of a particularized instruction in other types of cases, for example, those involving a fleeing felon or an officer's claim of self-defense.

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 22**

7.21 LIABILITY OF MUNICIPALITY FOR FAILURE TO TRAIN: ELEMENTS

To succeed on his claim against Defendant Jefferson Parish Sheriff Newell Normand for failure to train, Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo must prove each of the following things by a preponderance of the evidence:

1. Defendant Jefferson Parish Sheriff Newell Normand's training program was not adequate to train its Police Officers to properly handle recurring situations;

2. Defendant Jefferson Parish Sheriff Newell Normand knew that adequate and updated annual training with current Taser International training materials was needed to avoid likely excess force and unsafe X26 Taser use, or that this was obvious to the Defendant Jefferson Parish Sheriff Newell Normand; and

3. Defendant Jefferson Parish Sheriff Newell Normand's failure to provide adequate and updated training caused excess and unsafe use of the X26 Taser Electronic Control Device and alleged violation(s) of Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo's constitutional rights.

If you find that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff Madelyn Zuppardo and Sabrina Zuppardo, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo has failed to prove any one of these things by a preponderance of the evidence, then you should find for Jefferson Parish Sheriff Newell Normand Defendant, and you will not consider the question of damages.

Committee Comments

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

a. Authority: See Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404 (1997); City of Canton v. Harris, 489 U.S. 378, 388-391 (1989); Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7th Cir. 1997).

b. Deliberate Indifference: The second element of the instruction encompasses the definition of "deliberate indifference" for purposes of a failure to train claim. See Board of County Commissioners of Bryan County, 520 U.S. at 407-408; City of Canton v. Harris, 489 U.S. at 388- 391; Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7th Cir. 1997).

c. Whose Knowledge Required: The Committee did not resolve the issue of whose knowledge is required in order to render a municipality liable. Some members were of the view that knowledge by the "final policymaking body" or "final policymaker" is required. Others were of the view that this issue is not yet settled in this circuit and should be left open for argument in individual cases until there is definitive precedent on the issue.

159 (2005 rev.)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 23**

7.19 LIABILITY OF MUNICIPALITY

If you find that Plaintiff Madelyn Zuppardo and Sabrina Zuppardo has proved these things any of his claims by a preponderance of the evidence, you must consider whether Jefferson Parish Sheriff Newell Normand is also liable to Plaintiffs. Jefferson Parish Sheriff Newell Normand is not responsible simply because it employed Frank Caracci and Sean Williams. Jefferson Parish Sheriff Newell Normand is liable if Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo prove by a preponderance of the evidence that Defendant's Frank Caracci and Sean Williams conduct was a result of its official policy.

Source Authority: 7th Circuit Ct. of Appeal Jury Instructions

Committee Comments

a. Authority: See Monell v. City of New York Dep't of Soc. Svcs., 436 U.S. 658, 690-

691 (1978).
b. Usage: In a case involving a single constitutional claim, the Committee suggests that courts use this instruction in conjunction with the relevant elements instruction. In a case involving multiple constitutional claims, the Committee suggests that courts use this instruction separately after the jury has been instructed on the elements of each individual claim.
157 (2005 rev.)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

### Proposed Jury Instruction No. 24

7.20 LIABILITY OF MUNICIPALITY: DEFINITION OF "OFFICIAL POLICY"

When I use the term "official policy," I mean:

A rule or regulation in the Jefferson Parish Sheriff's Policy Manual of Jefferson Parish Sheriff Newell Normand.[1]]

A decision or policy statement made by, Jefferson Parish Sheriff Newell Normand who is a policy-making official. This includes Sheriff Newell Normand's approval of a decision or policy made by someone else, even if that person is not a policy-making official.

A custom of excess and improper X26 Taser Electronic Control Device use that is persistent and widespread, so that it Sheriff Newell Normand's Jefferson Parish Sheriff's police officers standard operating procedure. A persistent and widespread pattern may be a custom even if Sheriff Newell Normand has not formally approved it, so long as Plaintiff Madelyn Zuppardo and Sabrina Zuppardo proves that a policy-making official, Defendant Sheriff Newell Normand knew of the pattern and allowed it to continue. This includes a situation where a policy-making official must have known about a subordinate's actions/failures to act by virtue of the policy-making official's position.

Committee Comments
See City of St. Louis v. Praprotnik, 485 U.S. 112 (1988); Monell v. City of New York Dep't of Soc. Svcs., 436 U.S. 658, 690-691 (1978); Estate of Moreland v. Dieter, 395 F.3d 747, 759-760 (7th Cir. 2005); Monfils v. Taylor, 165 F.3d 511, 517-518 (7th Cir. 1998); McNabola v. Chicago Trans. Auth., 10 F.3d 501, 511 (7th Cir. 1993).
[1] The Committee suggests that, when possible, the court refer to the particular legislative body, e.g., "the Smallville City Council".
158 (2005 rev.)

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

### Proposed Jury Instruction No. 25

A city may be liable for a failure to train officers when that failure amounts to deliberate indifference; under such circumstances the failure to train amounts to "a city policy or custom that is actionable under § 1983. Inadequate training can amount to a policy.

It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can be reasonably said to have been deliberately indifferent to the need.

Source: Failure to train" claims are analyzed as a species of "custom or practice" liability, the rudiments of which were set forth in *Monell v. Department of Social Services*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978), and elaborated in *City of Canton v. Harris*, 489 U.S. 378, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989). In *Monell*, the Court held that municipalities can be found liable under § 1983 for constitutional violations that are the result of an "official policy;" this rubric includes a custom or practice "even though such a custom has not received formal approval through the body's official decision making channels." 436 U.S. at 691. In *City of Canton*, the Court held that a city may be liable for a failure to train officers when that failure amounts to deliberate indifference; under such circumstances the failure to train amounts to "a city policy or custom that is actionable under § 1983." 489 U.S. at 389. In explaining how it is that inadequate training can amount to a policy, the Court stated:
It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can be reasonably said to have been deliberately indifferent to the need.

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No.  26**

**5.8 Civil Rights** C **42 U.S.C. '1983 Claims** C **Supervisor Liability (Incorporate into Instructions for Claims against Individual/Defendants)**

Plaintiffs Madelyn Zuppardo and Sabrina Zuppardo claims that Sheriff Newell Normand, who supervised Frank Caracci and Sean Williams, is liable in his supervisory capacity for violating Madelyn Zuppardo and Sabrina Zuppardo's right to be free from excessive force. You should consider whether Sheriff Newell Normand is liable only if you find that  Frank Caracci and Sean Williams violated Madelyn Zuppardo and Sabrina Zuppardo's rights to be free from the excessive use of force by Police Defendants Frank Caracci and Sean Williams.

Defendant Sheriff Newell Normand is not liable simply because Sheriff Newell Normand supervised Police Defendants Frank Caracci and Sean Williams Rather, Madelyn Zuppardo and Sabrina Zuppardo must prove by a preponderance of the evidence that (1) Frank Caracci and Sean Williams violated their rights to be free from excessive force and (2) one of the following circumstances was present at the time Madelyn Zuppardo and Sabrina Zuppardo's constitutional rights were violated:

1. (a)  Sheriff Newell Normand personally participated in the violation of Madelyn and Sabrina Zuppardo's constitutional rights; or

2. (b)  A history of widespread abuse, meaning abuse that was obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences, put  Defendant Sheriff Newell Normand on notice of the need to take corrective action and he failed to do so; or

3. (c)  Sheriff Newell Normand intentionally implemented an official policy or custom that resulted in Frank Caracci and Sean Williams acting with deliberate indifference, meaning

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

reckless disregard, to Madelyn Zuppardo and Sabrina Zuppardo's right to be free of

excessive force; or

4. (d)  Sheriff Newell Normand directed Frank Caracci and Sean Williams to take the action

that resulted in the violation of Madelyn Zuppardo and Sabrina Zuppardo's  right to be

free of excessive force.

5. (e) Sheriff Newell Normand knew that Frank Caracci and Sean Williams would take

action[s] in violation of Madelyn Zuppardo and Sabrina Zuppardo's right to be free from

excessive force and failed to stop Frank Caracci and Sean Williams from doing so.

An official policy or custom means a:

1. (a)  A policy statement or decision that is made by Sheriff Newell Normand

; or

2. (b)  A practice or course of conduct that is so widespread that it has acquired the force of

law, even if the practice has not been formally approved.

You may find that an official policy or custom existed if there was a practice that was so

persistent, widespread, or repetitious that [name of supervisor] either knew about it, or should

have known about it.


SOURCE: 11TH CIRCUIT COURT OF APPEAL JURY INSTRUCITION  5.8
**NOTE:** Model Jury Interrogatory Forms may be found in the appendices after the last civil
rights jury instruction (Number 5.8) for use in actions brought under 42 U.S.C. '1983. Three
types of Model Jury Interrogatory Forms are provided: (A) a simplified Interrogatory Form for
use in most civil right actions; (B) an Interrogatory Form for use in actions that do not require
application of the Prison Litigation Reform Act, and (C) an Interrogatory Form for use in actions
that do require application of the Prison Litigation Reform Act.
**ANNOTATIONS AND COMMENTS**
**I. General Use**
This instruction may be incorporated into applicable '1983 instructions against an individual
defendant or defendants. To minimize confusion, it is suggested that the supervisor and
subordinate be referenced by their actual names rather than by generic terms such as a
Supervisor and a Subordinate.

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

385

**II. Elements**

The model instruction is derived from *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007), and the definition of an official policy or custom provided in Pattern Instruction 5.6, *supra*. Absent a violation of plaintiff's constitutional rights by a subordinate, a supervisor is not liable under '1983 in his or her individual capacity. *See, e.g.*, *Beshers v. Harrison*, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 27**

**§ 2:2 Introductory closing instructions — All persons equal — Role of judge and jury**

Members of the jury, it is now time for me to tell you the law that applies to this case. As I mentioned at the beginning of the trial, you must follow the law as I state it to you.

Before I tell you the law, however, let me remind you of your responsibility as jurors. I told you some of this at the beginning of the trial. You have been chosen from the community to decide the facts. What the community expects of you, and what I expect of you, is the same thing that you would expect if you were a party to this suit: an impartial deliberation and conclusion based upon all the evidence presented in this case, and on nothing else.

You must decide the facts without emotion, sympathy, or prejudice for or against any party. You should consider the case as an action between people of equal standing in the community. Every person stands equal before the law, and every person is to be dealt with as an equal in this court. In deciding this case, you shouldn't consider or speculate about whether any party has insurance. Deciding whether a party has insurance isn't part of your role as a juror.

Above all, the community wants you to try to achieve justice. You will succeed in doing that if you are willing to seek the truth from the same evidence presented to all of you, and to reach a verdict by applying the same rules of law, as I give them to you.

If I have said or done anything during this trial which has suggested to you that I favor the claims or position of either party, you should disregard it. If I have indicated in any way that I

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

have any opinion as to what the facts in this case are or should be, you should disregard that. I

am not the judge of the facts. You are.

### COMMENTS

These paragraphs, largely in the nature of introductory remarks, are intended to convey at the outset the impartiality which is expected of the jurors. The sentence referring to a corporation or insurance company may, of course, be deleted in an appropriate case.

In Coleman v. Deno, 787 So. 2d 446 (La. Ct. App. 4th Cir. 2001), modified and remanded on other grounds, 813 So. 2d 303 (La. 2002), decision on remand, 832 So.2d 1016 (La. App. 4th Cir. 2002), the defendant complained that the trial court's instruction on sympathy or prejudice was inadequate, apparently preferring a charge that would have focused the jury on reaching a decision based solely on the evidence. The trial judge did not give exactly the charge suggested above, but apparently said in pertinent part: "You must not allow any sympathy you may naturally feel for anyone to influence your judgment." The appellate court found no error in that instruction under the circumstances.

### SOURCES

*See* Williams v. Sentry Ins. Co., 370 So. 2d 901 (La. Ct. App. 1st Cir. 1979). *See also* Hebert v. Domingue, 473 So. 2d 120 (La. Ct. App. 3d Cir. 1985).

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 28**

## 1.1 PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.  [Do not take notes.]

[Alternate 1:  You will need to rely on your memories.]

[Alternate 2:  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.]  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties,

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.]  [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 29**

Court's Instruction No. ___
2.1

## 2.1 FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 30**

Court's Instruction No. ___
2.6

**2.6 PUBLICITY DURING TRIAL**

      If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any TV or radio programs about the case.  [This instruction can be modified according to the extent of the case's notoriety].

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 31**

Court's Instruction No. ____
2.7

## 2.7 BENCH CONFERENCES AND RECESSES

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 32**

Court's Instruction No. ___
2.10

**2.10 SIMILAR ACTS—CAUTIONARY CHARGE**

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing  Police Defendant's Frank Caracci and Sean Williams intent, knowledge or absence of mistake or accident, which is at issue in this case.

Such evidence may not be considered for any other purpose whatsoever.  You can't use it to reflect on  Frank Caracci and Sean Williams character.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 33**

Court's Instruction No. ___
2.11

## 2.11 DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 34**

Court's Instruction No. ___
2.12

## 2.12 INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  [Return this charge together with your written answers to the questions.]  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 35**

Court's Instruction No. ___
2.15

## 2.15 LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted. [Specific limiting instructions may be repeated as appropriate.]

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 36**

Court's Instruction No. ___
2.16

## 2.16 IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 37**

Court's Instruction No. ___
2.17

## 2.17 IMPEACHMENT BY WITNESSES' FELONY CONVICTION

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony [a crime involving dishonesty or false statement].  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 38**

Court's Instruction No. ___
2.18

## 2.18 CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 39**

\
Court's Instruction No. ___
2.19

## 2.19 EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 40**

Court's Instruction No. ___
2.20

**2.20 BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN**

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Source: 5th Cir. Ct. of Appeal Pattern Charge

## JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS

## Proposed Jury Instruction No. 41

Court's Instruction No. ____
2.21

## 2.21 USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No. 42**

Court's Instruction No. ____
2.22

## 2.22 CAUTIONARY INSTRUCTION ON DAMAGES

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

Source: 5th Cir. Ct. of Appeal Pattern Charge

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

**Proposed Jury Instruction No.  43**

Court's Instruction No. ___
3.1

## 3.1 GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.]  [You have heard the closing arguments of the attorneys.]  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of

**JOINT PROPOSED JURY INSTRUCTIONS BY PLAINTIFFS**

the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

Source: 5th Cir. Ct. of Appeal Pattern Charge

Respectfully submitted,


By:
/s/ *Glenn C. McGovern*
Glenn C. McGovern,
Attorney for Plaintiff Madelyn Zuppardo and Sabrina Zuppardo
P.O. Box 516
Metairie, La. 70004
 La. Bar. No. 9321
Email: gcmcg@mac.com
Phone (504) 456-3610
Fax (540) 456-3611

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the aforementioned Plaintiff's Proposed Jury Instructions by Plaintiff, and Defendants has been forwarded to all parties via ECF, electronic filing copy sent via email, and/or facsimile, and/or U.S. First Class, and/or Certified Mail, Return Receipt Requested, properly addressed, postage prepaid, on this _____9th_____ day of _ September_, 2013.


_s/ Glenn C. McGovern_____
Glenn C. McGovern, Attorney Plaintiffs