UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MADELYN ZUPPARDO | CIVIL ACTION |
| **Plaintiff** | |
| | |
| VERSUS | No. 12-1080 |
| | |
| FRANK CARACCI, et al., | SECTION "E" |
| **Defendants** | |

## ORDER & REASONS

Before the Court are Defendants' objections to personnel and Internal Affairs Division files (collectively, "the documents") Plaintiff proposes to use.[1]  They object on the basis of relevance and Federal Rules of Evidence 403, 404(b), 608(b), 801, and 802.  For the following reasons, the objections are **DEFERRED**.

## BACKGROUND

A brief history of the documents is in order.  Plaintiff propounded a request for production of the documents on September 11, 2012, which requested "the entire personnel file" and "Internal Affairs complaint files and investigations for JPSO Officers Frank Caracci, Jessica Lee, and Sean Williams, including any and all reprimands, disciplinary action, resignations, or write-ups of any kind."[2]  Defendants did not comply, and Plaintiff was forced to file a motion to compel production on October 23, 2012.[3]  The Magistrate

---

[1]     R. Doc. No. 134.

[2]     R. Doc. No. 24-3, p. 3.

[3]     R. Doc. No. 24.

Judge granted the motion to compel on November 14, 2012, but ordered the documents be produced to her for an in camera inspection.[4] She ultimately ordered that the personnel files of Frank Caracci and Sean Williams be produced, along with eleven Internal Affairs files.[5] Defendants continued to resist production and filed an appeal of the Magistrate Judge's order, which the Court denied.[6] Accordingly, Plaintiffs did not receive the documents, which had been in Defendants possession the entire time, until August 30, 2013, or 17 days before trial.

## ANALYSIS

As the Court has already ruled, the documents are highly relevant to Plaintiffs' *Monell* claims, something that should hardly have come as a surprise to Defendants.[7] That counsel for Defendants does not himself think that the numerous misconduct complaints against Deputy Caracci amounted to a pattern, or the correct kind of pattern, of using excessive force is irrelevant, as is the fact that only one complaint was sustained—a sheriff's office cannot be allowed to insulate itself from liability by rarely if ever sustaining misconduct allegations; a failure properly to investigate misconduct complaints or to discipline based on them is also a potential basis for *Monell* liability. Even if counsel for Defendants thought the documents were inadmissible, they were obviously discoverable.

---

[4]    R. Doc. No. 27.

[5]    R. Doc. No. 69.

[6]    R. Doc. No. 92.

[7]    R. Doc. No. 92, pp. 2–3. *See, e.g., Beck v. City of Pittsburgh*, 89 F.3d 966, 968–69 (3d Cir. 1996) (using misconduct complaints, including ones not sustained, to conclude that there was sufficient evidence to support plaintiff's *Monell* claim).

By resisting Plaintiffs' demand for them, Plaintiffs were prejudiced by receiving these documents so close to trial.  They have been unable to do additional discovery with respect to the documents or to depose the records custodian of the Jefferson Parish Sheriff's Office or the employees responsible for creating and maintaining each file.  Plaintiffs have nevertheless not asked for a continuance because they want their date in court.

Defendants now object to the admission of these documents, asserting that they are not relevant, not business records, and cannot be introduced through Deputy Caracci.  The Court has already ruled as to relevance.  If Defendants wish a limiting instruction that directs the jury to consider the documents only on Plaintiffs' *Monell* claim and not on their individual capacity claims against Deputies Caracci and Williams, it must be submitted to the Court by **September 13, 2013**, at **5:00 p.m.**

As to Defendants' objection that these files which *they* produced are not authentic or are not business records, if they persist in this objection the Court will conduct a hearing before trial to resolve the issue.  Defendants are ordered to notify the Court that they have withdrawn these objections by **September 13, 2013,** at **5:00 p.m.**, which will render the documents admissible, or to produce in Court on **September 16, 2013,** at **8:30 a.m.** the Jefferson Parish Sheriff's Office records custodian and the person or persons qualified to testify with respect to whether the records are business records of the Office.  If the Court finds the documents to be admissible under the business records exception to the hearsay rule, Fed. R. Evid. 803(6), the Court will overrule the objection and allow Plaintiffs and Defendants to add the documents to the list of exhibits that may be used at trial.[8]

---

[8]      Any concerns about hearsay evidence within the documents may be addressed by a limiting instruction to the jury that the documents are not

If the Court admits the documents as business records, whether by stipulation of the parties or after a hearing, this moots Defendants' concern that Deputy Caracci is the improper party through whom to introduce the documents.[9] If the Court does not admit the documents as business records, Plaintiffs' counsel may still question Deputy Caracci about the incidents contained in them, and if Deputy Caracci has personal knowledge of any of the documents he may be a proper party to authenticate them, making the documents admissible if they are not offered for the truth of the matter asserted within. Otherwise, Plaintiffs' counsel would need to lay a foundation for authentication through another witness, such as the custodian or perhaps even the Sheriff, who is presumably familiar with the form of misconduct reports, the signatures of various officers under him, and the like.[10]

Defendants have also provided the Court with a list of additional witnesses they would like to call concerning the incidents in the documents. The Court will allow

---

being offered for the truth of the matters asserted therein. If Defendants wish such an instruction, they must submit it to the Court by **September 13, 2013**, at **5:00 p.m.**

[9]     Defendants' suggestion that Federal Rules of Evidence 404 and 608 somehow prohibit Plaintiffs from questioning Deputy Caracci concerning these incidents that are critical to their *Monell* claim has no merit. Plaintiffs have not proposed to use the documents "to attack or support the witness's character for truthfulness," Fed. R. Evid. 608(b), or "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b), and the Court will not allow them to. Even if they are prejudicial, they are critical to Plaintiffs' *Monell* claim, and their "probative value is [not] substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. To the extent the Defendants' objection is based on these provisions, it is denied.

[10]    In this scenario, where the Court has not admitted the documents as business records, they may still be used for other than the truth of the matters asserted therein if they are properly authenticated.

Defendants to supplement their witness list by adding one Sheriff's Office employee or former employee and one non-Sheriff's Office employee with respect to the personnel file and with respect to each complaint.

**IT IS SO ORDERED**.


**New Orleans, Louisiana, this 12th day of September, 2013.**


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**