# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MADELYN ZUPPARDO, ET AL.** | * | |
| *Plaintiffs* | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **NO: 2:12-CV-1080-SM-ALC** |
| | * | |
| | * | |
| **FRANK CARACCI, ET AL.** | * | **SECTION: "E" (5)** |
| *Defendants* | * | |
| | * | |
| | * | **JURY TRIAL** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COURT'S INSTRUCTION NO. 1:  OPENING INSTRUCTION

**MEMBERS OF THE JURY:**

YOU HAVE HEARD THE EVIDENCE IN THIS CASE.  I WILL NOW INSTRUCT YOU ON THE LAW YOU MUST APPLY.  IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU.  ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS.  DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW.  THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM.  YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS.

IN THIS CASE, THE PLAINTIFFS MUST PROVE EVERY ESSENTIAL PART OF THEIR CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.  BY THIS IS MEANT THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM IS MORE LIKELY SO THAN NOT SO.  IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.  IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF THE PLAINTIFFS' CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANTS AS TO THAT CLAIM.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY.  SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON

WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE—SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

**COURT'S INSTRUCTION NO. 2:  PUBLICITY DURING TRIAL**

IF THERE HAS BEEN PUBLICITY ABOUT THIS TRIAL, YOU MUST IGNORE IT.

YOU MUST DECIDE THIS CASE ONLY FROM THE EVIDENCE PRESENTED IN THE

TRIAL.

## COURT'S INSTRUCTION NO. 3: USE OF NOTES TAKEN BY JURORS

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  THE NOTES ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

## <u>COURT'S INSTRUCTION NO. 4: IMPEACHMENT BY</u>
## <u>WITNESSES' INCONSISTENT STATEMENTS</u>

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS,

YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO

PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT,

OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS

SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS

DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

## COURT'S INSTRUCTION NO. 5: EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD—CALLED AN EXPERT WITNESS—IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS.  HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

## COURT'S INSTRUCTION 6: INTENTIONAL TORT – BATTERY

PLAINTIFFS HAVE CLAIMED THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS COMMITTED THE INTENTIONAL TORT OF BATTERY. BATTERY IS HARMFUL OR OFFENSIVE CONTACT WITH A PERSON RESULTING FROM AN ACT INTENDED TO CAUSE THE PERSON TO SUFFER SUCH A CONTACT, UNDER THE CIRCUMSTANCES IN WHICH THE DEFENDANTS HAVE NO REASON TO SUSPECT THAT THE PERSON WOULD CONSENT TO SUCH A CONTACT. A BODILY CONTACT IS OFFENSIVE IF IT OFFENDS A REASONABLE SENSE OF PERSONAL DIGNITY. HARMFUL CONTACT IS ANY PHYSICAL IMPAIRMENT OF ANOTHER'S BODY OR PHYSICAL PAIN OR ILLNESS.  IN THIS CASE, THE STANDARD APPLICABLE TO THE DEFENDANTS IS THAT THEY MUST REFRAIN FROM INTENTIONAL INVASION OF, OR INTERFERENCE WITH, THE PHYSICAL INTEGRITY OF THE PLAINTIFFS. "INTENT" IN THIS CONTEXT MEANS THE PURPOSE OR STATE OF MIND WITH WHICH A PERSON ACTS.

SPECIFICALLY, INTENT MEANS THAT THE ACTOR EITHER (1) CONSCIOUSLY DESIRES THE PHYSICAL RESULT OF HIS ACTIONS OR (2) KNOWS THAT THE RESULT IS SUBSTANTIALLY CERTAIN TO FOLLOW FROM HIS ACTIONS. A DEFENDANT WHO IS GUILTY OF AN INTENTIONAL TORT IS LIABLE FOR ALL OF THE CONSEQUENCES OF HIS ACTIONS, EVEN THOSE WHICH HE DID NOT ACTUALLY INTEND OR WHICH WERE NOT REASONABLY FORESEEABLE.

"SUBSTANTIALLY CERTAIN" MEANS "VIRTUALLY SURE" OR "REALLY INEVITABLE." YOU SHOULD DETERMINE WHETHER THE DEFENDANTS KNEW THERE WAS ALMOST NO CHANCE THAT THE HARMFUL CONSEQUENCES WOULD NOT OCCUR.

FOR BATTERY, PLAINTIFFS MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACT OR FAILURE TO ACT BY DEFENDANTS WAS A **SUBSTANTIAL FACTOR** IN BRINGING ABOUT THE DAMAGE SUSTAINED, AND IF YOU FIND THAT IT IS A **SUBSTANTIAL FACTOR** IN BRINGING ABOUT THE PLAINTIFFS' DAMAGES, YOU MUST DETERMINE WHETHER IT WAS A LEGAL CAUSE OF THE INJURY.

LEGAL CAUSE IS BASED UPON A CAUSAL CONNECTION BETWEEN THAT PARTY'S ACT OR FAILURE TO ACT AND THE INJURY ABOUT WHICH THE COMPLAINT IS MADE. A PARTY'S ACT OR FAILURE TO ACT IS A LEGAL CAUSE OF AN INJURY IF IT PRODUCES THE RESULT COMPLAINED OF IN THE NATURAL AND CONTINUOUS SEQUENCE, UNBROKEN BY AN INTERVENING CAUSE. IF A PERSON OF ORDINARY PRUDENCE WOULD HAVE FORESEEN OR REASONABLY ANTICIPATED THAT PARTY'S ACT OR FAILURE TO ACT WOULD RESULT IN THE INJURY COMPLAINED OF, OR SOME SIMILAR INJURY, THEN THAT PARTY'S NEGLIGENCE OR FAULT IS THE LEGAL CAUSE OF THE INJURY.

THE LAW DOES NOT RECOGNIZE ONLY ONE CAUSE OF ANY INJURY, CONSISTING OF ONLY ONE FACTOR OR THING, OR THE CONDUCT OF ONLY ONE

PERSON. MANY FACTORS OR THINGS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE. TO DETERMINE WHETHER THE CONDUCT OF THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS CAUSED THE PLAINTIFFS' INJURIES, YOU MAY ASK WHETHER THE PLAINTIFFS WOULD PROBABLY NOT HAVE SUFFERED THE CLAIMED INJURIES IN THE ABSENCE OF THE POLICE DEFENDANTS' CONDUCT. IF THE PLAINTIFFS PROBABLY WOULD HAVE SUFFERED THOSE INJURIES REGARDLESS OF WHAT THE POLICE DEFENDANTS DID, THEN YOU MUST CONCLUDE THAT THE INJURIES WERE NOT CAUSED BY THE POLICE DEFENDANTS, AND RENDER A VERDICT FOR THE POLICE DEFENDANTS. IF, ON THE OTHER HAND, THE PLAINTIFFS PROBABLY WOULD NOT HAVE SUFFERED THE CLAIMED INJURIES IN THE ABSENCE OF THE POLICE DEFENDANTS' CONDUCT, YOU MUST DECIDE FOR THE PLAINTIFFS.

**COURT'S INSTRUCTION NO. 7: LA. CODE OF CR. PROC. ART. 220**

UNDER LOUISIANA LAW, A PERSON IS REQUIRED TO SUBMIT PEACEABLY TO A LAWFUL ARREST, AND THE PERSON MAKING A LAWFUL ARREST MAY USE REASONABLE FORCE TO EFFECT THE ARREST AND DETENTION, AND ALSO TO OVERCOME ANY RESISTANCE OR THREATENED RESISTANCE OF THE PERSON BEING ARRESTED.

## COURT'S INSTRUCTION NO. 8: COMPARATIVE FAULT

IF YOU DECIDE THAT THE PLAINTIFFS HAVE ESTABLISHED THEIR CASE
FOR BATTERY UNDER LOUISIANA LAW, THEN YOU MUST DECIDE WHETHER THE
DEFENDANTS HAVE PROVED THAT THE PLAINTIFFS HAVE FAILED TO CONDUCT
THEMSELVES IN ACCORDANCE WITH THE STANDARD EXPECTED OF THEM, AND
HAVE THEREBY CONTRIBUTED TO THEIR OWN INJURY.  IT IS THE LAW OF
LOUISIANA THAT THE RECOVERY OF AN INJURED PERSON WHO HAS
CONTRIBUTED TO HER OWN INJURY BY HER OWN SUB-STANDARD CONDUCT
MUST BE REDUCED BY THE PERCENTAGE OF FAULT ATTRIBUTABLE TO HER.

IN THIS CASE, THE STANDARD APPLICABLE TO THE PLAINTIFFS' CONDUCT
IS THAT THEY EXERCISE THAT DEGREE OF CARE WHICH WE MIGHT
REASONABLY EXPECT A PERSON TO EXERCISE FOR HER OWN SAFETY AND
PROTECTION.  ON THIS ISSUE THE DEFENDANTS HAVE THE BURDEN OF PROOF.
IN OTHER WORDS, THE DEFENDANTS HAVE THE BURDEN OF ESTABLISHING, BY
A PREPONDERANCE OF THE EVIDENCE, THAT THE PLAINTIFFS FAILED TO
CONFORM TO THAT STANDARD AND BY THAT FAILURE CONTRIBUTED TO THEIR
OWN INJURY.  IF THE DEFENDANTS CONVINCE YOU OF THAT, THEN YOU MUST
ASSIGN A PERCENTAGE OF FAULT TO THE PLAINTIFFS' CONDUCT ACCORDING
TO THE INSTRUCTIONS THAT I WILL GIVE YOU.

IN DECIDING THE QUESTION OF PLAINTIFFS' FAULT, AS IT IS CALLED IN
THE LAW, YOU MAY ASK YOURSELVES THIS QUESTION: "SHOULD THE PLAINTIFF
AS AN ORDINARILY PRUDENT PERSON, UNDER ALL THE CIRCUMSTANCES

SURROUNDING HER CONDUCT, HAVE REASONABLY FORESEEN SOME SUCH INJURY AS SHE SUFFERED AS A RESULT OF HER OWN CONDUCT, AND DID SHE FAIL TO EXERCISE REASONABLE CARE TO AVOID SUCH INJURY TO HERSELF?"

IF THE DEFENDANTS DO NOT CONVINCE YOU THAT THE PLAINTIFFS WERE ALSO AT FAULT, AND EACH PLAINTIFF HAS OTHERWISE PROVEN HER CASE BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU SHOULD RETURN A VERDICT FOR THE PLAINTIFFS WITHOUT ASSIGNING ANY PERCENTAGE OF FAULT TO THEM.

IF YOU CONCLUDE THAT BOTH THE DEFENDANTS AND THE PLAINTIFFS WERE AT FAULT, AND THAT THE FAULT OF EACH WAS A PROXIMATE CAUSE OF PLAINTIFFS' INJURIES, THEN YOU MUST ASSIGN PERCENTAGES OF FAULT TO EACH ONE.  IN DETERMINING THOSE PERCENTAGES, YOU MAY CONSIDER BOTH THE NATURE OF THE NEGLIGENT CONDUCT AND THE EXTENT OF THE CAUSAL RELATION BETWEEN THE CONDUCT AND PLAINTIFFS' INJURIES.

WHEN I SAY "THE NATURE OF THE NEGLIGENT CONDUCT," I MEAN THAT YOU MAY CONSIDER: (1) WHETHER THE CONDUCT RESULTED FROM INADVERTENCE OR RATHER INVOLVED AN AWARENESS OF THE DANGER INVOLVED; (2) HOW GREAT THE RISK CREATED BY THE PERSON'S CONDUCT WAS; (3) THE IMPORTANCE OF WHAT WAS SOUGHT BY THE CONDUCT; (4) THE PHYSICAL AND MENTAL CAPACITIES OF THE PERSON, EITHER ORDINARY OR PERHAPS SUPERIOR OR INFERIOR; AND (5) ANY EXTENUATING CIRCUMSTANCES

13

WHICH MIGHT HAVE REQUIRED THAT PARTY TO ACT IN HASTE, WITHOUT PROPER THOUGHT.

WHEN I SAY "THE EXTENT OF THE CAUSAL RELATION" BETWEEN THE CONDUCT AND THE INJURIES, I MEAN THAT YOU MAY CONSIDER THE EXTENT TO WHICH THAT PARTY'S CONDUCT CONTRIBUTED TO THE HAPPENING OF THE ACCIDENT AND PLAINTIFF'S INJURIES.

YOU SHOULD ASSIGN PERCENTAGES OF FAULT TO THE VARIOUS INVOLVED PERSONS WHICH WILL TOTAL 100%.  YOU ARE FREE TO ASSIGN WHATEVER PERCENTAGE YOU FEEL APPROPRIATE, AND YOU SHOULD DO SO BY ANSWERING THE FOLLOWING QUESTIONS, WHICH WILL BE PROVIDED TO YOU ON A SPECIAL VERDICT FORM.  YOU WILL ONLY DO THIS ON PLAINTIFFS' STATE LAW CLAIM FOR BATTERY.

## COURT'S INSTRUCTION NO. 9: EXCESSIVE
## FORCE SECTION 1983 JURY CHARGE

THE PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO ALSO

CLAIM THAT THE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS

VIOLATED THEIR CONSTITUTIONAL RIGHTS WHEN THEY USED EXCESSIVE AND

UNNECESSARY FORCE IN ARRESTING THEM.  AS A RESULT OF THE POLICE

DEFENDANTS' FRANK CARACCI AND SEAN WILLIAMS ACTIONS, THE PLAINTIFFS

EACH CLAIM THAT THEY SUFFERED INJURY FOR WHICH THEY SEEK DAMAGES.

THE POLICE DEFENDANTS  FRANK CARACCI AND SEAN WILLIAMS DENY

THAT ANY OF THEIR ACTIONS DURING THE TIME IN QUESTION VIOLATED THE

PLAINTIFFS' CONSTITUTIONAL RIGHTS.  THEY CLAIM THEY WERE ACTING IN

GOOD FAITH AND WITH PROBABLE CAUSE.  THEY FURTHER CLAIM THAT THEY

WERE NOT GUILTY OF ANY FAULT OR WRONGDOING IN REGARD TO THE

INCIDENT SUED UPON.

SECTION 1983 OF TITLE 42 OF THE UNITED STATES CODE PROVIDES THAT

ANY CITIZEN MAY SEEK REDRESS IN THIS COURT BY WAY OF DAMAGES

AGAINST ANY PERSON WHO, UNDER COLOR OF STATE LAW OR CUSTOM,

INTENTIONALLY DEPRIVES THAT CITIZEN OF ANY RIGHTS, PRIVILEGES, OR

IMMUNITIES SECURED OR PROTECTED BY THE CONSTITUTION OR LAWS OF THE

UNITED STATES.

IN ORDER TO PROVE THEIR CLAIM UNDER THIS STATUTE, THE PLAINTIFFS

MADELYN ZUPPARDO AND SABRINA ZUPPARDO MUST ESTABLISH BY A

PREPONDERANCE OF THE EVIDENCE EACH OF THE FOLLOWING ELEMENTS:

(1) THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS INTENTIONALLY COMMITTED ACTS WHICH OPERATED TO DEPRIVE THE PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO OF A RIGHT SECURED BY THE CONSTITUTION OF THE UNITED STATES;

(2) THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS ACTED UNDER COLOR OF THE AUTHORITY OF THE STATE OF LOUISIANA;

(3) THE ACTIONS OF THE POLICE DEFENDANTS' FRANK CARACCI AND SEAN WILLIAMS ACTS WERE THE LEGAL CAUSE OF THE PLAINTIFF' MADELYN ZUPPARDO AND SABRINA ZUPPARDO'S DAMAGES.

UNDER SECTION 1983, EACH DEFENDANT MAY ONLY BE HELD LIABLE UNDER SECTION 1983 FOR HIS OWN CONDUCT.  NEITHER POLICE DEFENDANT MAY BE HELD LIABLE FOR THE CONDUCT OF ANOTHER. IN THIS CASE YOU ARE INSTRUCTED THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS WERE ACTING UNDER COLOR OF STATE LAW AT THE TIME OF THE ACTS COMPLAINED OF.

THE PLAINTIFFS ALLEGE THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS USED EXCESSIVE FORCE IN ARRESTING THEM.  UNITED STATES CITIZENS ARE PROTECTED AGAINST THE USE OF EXCESSIVE FORCE BY THE FOURTH AMENDMENT TO THE CONSTITUTION.  IN ORDER TO PROVE THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS USED EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT, THE PLAINTIFFS

16

MADELYN ZUPPARDO AND SABRINA ZUPPARDO MUST PROVE BY A

PREPONDERANCE OF THE EVIDENCE:

    (1) SOME HARM, THAT

    (2) RESULTED DIRECTLY AND ONLY FROM THE USE OF FORCE THAT WAS

        CLEARLY EXCESSIVE TO THE NEED;  AND THE EXCESSIVENESS OF

        WHICH WAS

    (3) OBJECTIVELY UNREASONABLE IN LIGHT OF THE FACTS AND

        CIRCUMSTANCES AT THE TIME.

    IF THE PLAINTIFFS FAIL TO PROVE ANY ONE OF THESE ELEMENTS, YOU

MUST FIND FOR THE POLICE DEFENDANTS FRANK CARACCI AND SEAN

WILLIAMS UNDER SECTION 1983.

    SOME OF THE THINGS YOU MAY WANT TO CONSIDER IN DETERMINING

WHETHER THE POLICE DEFENDANT(S) USED EXCESSIVE FORCE ARE (1) THE

EXTENT OF THE INJURY SUFFERED, (2) THE NEED FOR THE APPLICATION OF

FORCE, (3) THE RELATIONSHIP BETWEEN THE NEED AND THE AMOUNT OF FORCE

USED, (4) THE THREAT REASONABLY PERCEIVED BY THE RESPONSIBLE

OFFICIALS, AND (5) ANY EFFORTS MADE TO TEMPER THE SEVERITY OF A

FORCEFUL RESPONSE.  INJURIES WHICH RESULT FROM, FOR EXAMPLE, AN

OFFICER'S REASONABLE USE OF FORCE TO OVERCOME RESISTANCE TO ARREST

DO NOT INVOLVE CONSTITUTIONALLY PROTECTED INTERESTS.  AN OFFICER'S

USE OF EXCESSIVE FORCE DOES NOT GIVE CONSTITUTIONAL PROTECTION

AGAINST INJURIES THAT WOULD HAVE OCCURRED ABSENT THE EXCESSIVE FORCE.

THE REASONABLENESS OF A PARTICULAR USE OF FORCE MUST BE JUDGED FROM THE PERSPECTIVE OF A REASONABLE OFFICER ON THE SCENE, RATHER THAN WITH THE 20/20 VISION OF HINDSIGHT.  THE NATURE OF REASONABLENESS MUST EMBODY ALLOWANCE FOR THE FACT THAT POLICE OFFICERS ARE OFTEN FORCED TO MAKE SPLIT-SECOND JUDGMENTS—IN CIRCUMSTANCES THAT ARE TENSE, UNCERTAIN, AND RAPIDLY EVOLVING— ABOUT THE AMOUNT OF FORCE THAT IS NECESSARY IN A PARTICULAR SITUATION.

THIS REASONABLENESS INQUIRY IS AN OBJECTIVE ONE:  THE QUESTION IS WHETHER THE OFFICER'S ACTIONS ARE OBJECTIVELY REASONABLE IN LIGHT OF THE FACTS AND CIRCUMSTANCES CONFRONTING THEM, WITHOUT REGARD TO THEIR UNDERLYING INTENT OR MOTIVATION.

IF YOU FIND THAT THE PLAINTIFFS HAVE PROVEN THEIR CLAIM, YOU MUST THEN CONSIDER THE POLICE DEFENDANTS' FRANK CARACCI AND SEAN WILLIAMS DEFENSE THAT THEIR CONDUCT WAS OBJECTIVELY REASONABLE IN LIGHT OF THE LEGAL RULES CLEARLY ESTABLISHED AT THE TIME OF THE INCIDENT AT ISSUE AND THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS ARE THEREFORE NOT LIABLE.  POLICE OFFICERS ARE PRESUMED TO KNOW ABOUT THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF CITIZENS.

IF, AFTER CONSIDERING THE SCOPE OF DISCRETION AND RESPONSIBILITY GENERALLY GIVEN TO POLICE OFFICERS IN THE PERFORMANCE OF THEIR DUTIES, AND AFTER CONSIDERING ALL OF THE SURROUNDING CIRCUMSTANCES OF THE CASE AS THEY WOULD HAVE REASONABLY APPEARED AT THE TIME OF THE ARREST, YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFFS HAVE PROVED EITHER (1) THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS WERE PLAINLY INCOMPETENT OR THAT (2) THEY KNOWINGLY VIOLATED THE LAW REGARDING THE PLAINTIFFS' CONSTITUTIONAL RIGHTS, YOU MUST FIND FOR THE PLAINTIFFS.  IF, HOWEVER, YOU FIND THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS HAD A REASONABLE BELIEF THAT THEIR ACTIONS DID NOT VIOLATE THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFFS, THEN YOU CANNOT FIND THEM LIABLE EVEN IF THE PLAINTIFFS' RIGHTS WERE IN FACT VIOLATED AS A RESULT OF THE DEFENDANTS' OBJECTIVELY REASONABLE ACTION.

THE PLAINTIFFS MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACT OR FAILURE TO ACT BY THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS WAS A CAUSE-IN-FACT OF THE DAMAGE THE PLAINTIFFS SUFFERED.  AN ACT OR A FAILURE TO ACT IS A CAUSE-IN-FACT OF AN INJURY OR DAMAGES IF IT APPEARS FROM THE EVIDENCE THAT THE ACT OR OMISSION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGES.  THE PLAINTIFF MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACT OR FAILURE TO ACT BY THE

POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS WAS A PROXIMATE

CAUSE OF THE DAMAGE PLAINTIFFS SUFFERED.  AN ACT OR OMISSION IS A

PROXIMATE CAUSE OF THE PLAINTIFFS' INJURIES OR DAMAGES IF IT APPEARS

FROM THE EVIDENCE THAT THE INJURY OR DAMAGE WAS A REASONABLY

FORESEEABLE CONSEQUENCE OF THE ACT OR OMISSION.

IF YOU SHOULD FIND FOR THE PLAINTIFFS AND AGAINST THE POLICE

DEFENDANT THEN YOU MUST DECIDE THE ISSUE OF DAMAGES.

**COURT'S INSTRUCTION NO. 10: SPECIAL INSTRUCTION TO ONLY CONSIDER QUESTION OF MUNICIPAL LIABILITY IF CONSTITUTIONAL VIOLATION PROVED**

IF YOU HAVE FOUND THAT POLICE DEFENDANTS, FRANK CARACCI AND SEAN WILLIAMS, DID NOT VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS, YOU MUST NOT CONSIDER PLAINTIFFS' MUNICIPAL LIABILITY CLAIM AGAINST SHERIFF NEWELL NORMAND.  IF YOU HAVE FOUND THAT AT LEAST ONE OF THE POLICE DEFENDANTS VIOLATED EITHER ONE OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS, THEN YOU MUST CONSIDER THE MUNICIPAL LIABILITY CLAIMS AGAINST SHERIFF NEWELL NORMAND.

## COURT'S INSTRUCTION NO. 11: CIVIL RIGHTS-42 USC SECTION 1983 (MUNICIPAL LIABILITY)

IN ADDITION TO THEIR CLAIMS AGAINST THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS UNDER SECTION 1983 FOR VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS, THE PLAINTIFFS ARE SUING SHERIFF NORMAND UNDER SECTION 1983. TO RECOVER AGAINST THE SHERIFF, THE PLAINTIFFS MUST SHOW THAT THE SHERIFF HAD A LEGAL DUTY TO ACT TO PREVENT THE MISDEEDS OF THE DEPUTIES AND THAT THE SHERIFF'S FAILURE TO ACT AMOUNTED TO DELIBERATE INDIFFERENCE TO PLAINTIFFS' RIGHTS.

THE PLAINTIFFS CLAIM THAT SHERIFF NORMAND IS LIABLE FOR THEIR ALLEGED CONSTITUTIONAL DEPRIVATIONS. A SHERIFF IS LIABLE FOR THE DEPRIVATION OF A CONSTITUTIONAL RIGHT IF THE DEPRIVATION WAS PURSUANT TO A GOVERNMENTAL CUSTOM, POLICY, ORDINANCE, REGULATION OR DECISION. THEREFORE, IF YOU FIND THAT THE PLAINTIFFS WERE INJURED AS THE PROXIMATE OR LEGAL RESULT OF SHERIFF NORMAND'S CONSCIOUS AND INTENTIONAL DECISION, THE SHERIFF WILL BE RESPONSIBLE.

THE SHERIFF IS AN OFFICIAL WHOSE ACTS CONSTITUTE FINAL OFFICIAL POLICY OF THE JEFFERSON PARISH SHERIFF'S OFFICE. THEREFORE, IF YOU FIND THAT THE INACTION OF THE SHERIFF DEPRIVED THE PLAINTIFFS OF CONSTITUTIONAL RIGHTS, THE SHERIFF IS LIABLE FOR SUCH DEPRIVATIONS.

THE STANDARD APPLICABLE TO A FAILURE-TO-TRAIN OR SUPERVISE CLAIM IS THE SAME AS THE STANDARD FOR MUNICIPAL LIABILITY. THE FAILURE TO PROVIDE PROPER TRAINING OR SUPERVISION MAY FAIRLY BE SAID TO

22

REPRESENT A POLICY FOR WHICH THE SHERIFF'S OFFICE IS RESPONSIBLE, AND FOR WHICH THE SHERIFF'S OFFICE MAY BE HELD LIABLE, IF IT ACTUALLY CAUSES INJURY.  IN RESOLVING THE ISSUE OF A SHERIFF'S OFFICE LIABILITY, THE FOCUS MUST BE ON ADEQUACY OF THE TRAINING AND SUPERVISION PROGRAM IN RELATION TO THE TASKS THE PARTICULAR OFFICERS MUST PERFORM. THE PLAINTIFFS MUST SHOW THAT (1) THE MUNICIPALITY'S TRAINING OR SUPERVISION POLICY OR PROCEDURE WAS INADEQUATE; (2) THE INADEQUATE TRAINING OR SUPERVISION POLICY WAS A "MOVING FORCE" IN CAUSING VIOLATION OF THE PLAINTIFFS' RIGHTS; AND (3) THE MUNICIPALITY WAS DELIBERATELY INDIFFERENT IN ADOPTING ITS TRAINING OR SUPERVISION POLICY.

PLAINTIFFS MUST MEET A HEIGHTENED STANDARD OF CAUSATION IN ORDER TO HOLD A MUNICIPALITY LIABLE UNDER § 1983.  THUS, COURTS REQUIRE THAT THE MUNICIPALITY'S FAILURE TO TRAIN OR SUPERVISE BE THE "MOVING FORCE" THAT CAUSED THE SPECIFIC CONSTITUTIONAL VIOLATION. IN OTHER WORDS, THE PLAINTIFF MUST ESTABLISH A DIRECT CAUSAL LINK BETWEEN THE MUNICIPAL POLICY AND THE CONSTITUTIONAL INJURY.  THE CONNECTION MUST BE MORE THAN A MERE "BUT FOR" COUPLING BETWEEN CAUSE AND EFFECT. THE DEFICIENCY IN TRAINING OR SUPERVISION MUST BE THE ACTUAL CAUSE OF THE CONSTITUTIONAL VIOLATION.  PRIOR ACTS THAT A CIVIL RIGHTS PLAINTIFF MUST SHOW TO DEMONSTRATE "DELIBERATE INDIFFERENCE" MUST BE FAIRLY SIMILAR TO WHAT ULTIMATELY TRANSPIRED AND, IN THE CASE OF

EXCESSIVE USE OF FORCE, THE PRIOR ACT MUST HAVE INVOLVED INJURY TO A

THIRD PARTY.

**COURT'S INSTRUCTION NO. 12: CONSIDER DAMAGES ONLY IF NECESSARY**

IF THE PLAINTIFFS HAVE PROVEN THEIR CLAIMS AGAINST THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFFS ARE ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFFS' DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFFS SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANTS ARE LIABLE AND THAT THE PLAINTIFFS ARE ENTITLED TO RECOVER MONEY FROM THE DEFENDANTS.

## COURT'S INSTRUCTION NO. 13: COMPENSATORY DAMAGES

IF YOU FIND THAT SOME OR ALL OF THE POLICE DEFENDANTS, FRANK CARACCI, SEAN WILLIAMS AND SHERIFF NEWELL NORMAND, ARE LIABLE TO PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE DAMAGES SUFFERED BY PLAINTIFFS. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFFS  MADELYN ZUPPARDO AND SABRINA ZUPPARDO WHOLE—THAT IS, TO COMPENSATE THE PLAINTIFFS FOR THE DAMAGE THAT THEY HAVE SUFFERED. COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT THE PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO MAY HAVE INCURRED BECAUSE OF THEIR INJURIES.  IF THE PLAINTIFFS WIN, THEY ARE ENTITLED TO COMPENSATORY DAMAGES FOR LOSS OF PROPERTY AND/OR THE PHYSICAL INJURY, PAIN AND SUFFERING, DISCOMFORT, AND EMOTIONAL DISTRESS THAT THEY HAVE SUFFERED BECAUSE OF SOME OR ALL OF THE POLICE DEFENDANTS' CONDUCT.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THE PLAINTIFFS PROVE WERE PROXIMATELY CAUSED BY THE POLICE DEFENDANTS' WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFFS' DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE POLICE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE

INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFFS HAVE ACTUALLY SUFFERED OR THAT THE PLAINTIFFS ARE REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFFS PROVE THE AMOUNT OF THEIR LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

IF YOU FIND FOR THE PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO, EACH  ONE OF THEM IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HER FOR ANY DAMAGES SHE HAS SUFFERED.

**COURT'S INSTRUCTION NO. 14: INJURY/PAIN**

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFFS SUSTAINED AND ANY PAIN AND SUFFERING THAT THE PLAINTIFFS EXPERIENCED IN THE PAST AS A RESULT OF THEIR ARRESTS. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEEDED TO BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFFS FOR THE DAMAGES EACH HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

## COURT'S INSTRUCTION NO. 15: PUNITIVE DAMAGES

IF YOU FIND THAT THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS ARE LIABLE FOR THE PLAINTIFFS INJURIES, YOU MUST AWARD THE PLAINTIFFS THE COMPENSATORY DAMAGES THAT EACH HAS PROVEN. YOU ALSO MAY AWARD PUNITIVE DAMAGES, IF THE PLAINTIFFS HAVE PROVED THAT THE POLICE DEFENDANTS, FRANK CARACCI AND SEAN WILLIAMS, ACTED WITH MALICE OR WILLFULNESS OR WITH CALLOUS AND RECKLESS INDIFFERENCE TO THE SAFETY OR RIGHTS OF OTHERS. ONE ACTS WILLFULLY OR WITH RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS WHEN HE ACTS IN DISREGARD OF A HIGH AND EXCESSIVE DEGREE OF DANGER ABOUT WHICH HE KNOWS OR WHICH WOULD BE APPARENT TO A REASONABLE PERSON IN HIS SITUATION.

IF YOU DETERMINE THAT THE CONDUCT OF THE POLICE DEFENDANTS, FRANK CARACCI AND SEAN WILLIAMS, WAS SO SHOCKING AND OFFENSIVE AS TO JUSTIFY AN AWARD OF PUNITIVE DAMAGES, YOU MAY EXERCISE YOUR DISCRETION TO AWARD THOSE DAMAGES. IN MAKING ANY AWARD OF PUNITIVE DAMAGES, YOU SHOULD CONSIDER THAT THE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH THE POLICE DEFENDANTS, FRANK CARACCI AND SEAN WILLIAMS. FOR SHOCKING CONDUCT, AND TO DETER THE POLICE DEFENDANTS AND OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE. THE LAW DOES NOT REQUIRE YOU TO AWARD PUNITIVE DAMAGES, HOWEVER, IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, YOU MUST USE SOUND REASON IN SETTING THE AMOUNT OF THE DAMAGES. THE AMOUNT OF AN AWARD OF PUNITIVE DAMAGES MUST NOT REFLECT BIAS, PREJUDICE, OR SYMPATHY TOWARD ANY

PARTY. IT SHOULD BE PRESUMED PLAINTIFFS HAVE BEEN MADE WHOLE BY

COMPENSATORY DAMAGES, SO PUNITIVE DAMAGES SHOULD BE AWARDED

ONLY IF THE MISCONDUCT OF THE POLICE DEFENDANTS, FRANK CARACCI AND

SEAN WILLIAMS, AFTER HAVING PAID COMPENSATORY DAMAGES, IS SO

REPREHENSIBLE AS TO WARRANT THE IMPOSITION OF FURTHER SANCTIONS TO

ACHIEVE PUNISHMENT OR DETERRENCE. YOU MAY CONSIDER THE FINANCIAL

RESOURCES OF THE POLICE DEFENDANTS, FRANK CARACCI AND SEAN

WILLIAMS, IN FIXING THE AMOUNT OF PUNITIVE DAMAGES AND YOU MAY

IMPOSE PUNITIVE DAMAGES AGAINST ONE OR MORE OF THE POLICE

DEFENDANTS AND NOT OTHERS, OR AGAINST MORE THAN ONE POLICE

DEFENDANT IN DIFFERENT AMOUNTS.

## COURT'S INSTRUCTION NO. 16: MULTIPLE CLAIMS— MULTIPLE DEFENDANTS

YOU MUST NOT AWARD COMPENSATORY DAMAGES MORE THAN ONCE FOR THE SAME INJURY. THE PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO ARE ONLY ENTITLED TO BE MADE WHOLE ONCE, AND MAY NOT RECOVER MORE THAN THEY HAVE LOST. OF COURSE, IF DIFFERENT INJURIES ARE ATTRIBUTED TO THE SEPARATE CLAIMS, THEN YOU MUST COMPENSATE THE PLAINTIFFS MADELYN ZUPPARDO AND SABRINA ZUPPARDO FULLY FOR ALL OF THEIR INJURIES.

WITH RESPECT TO PUNITIVE DAMAGES, YOU MAY MAKE SEPARATE AWARDS ON EACH CLAIM THAT PLAINTIFFS HAVE ESTABLISHED.

YOU MAY IMPOSE DAMAGES ON A CLAIM SOLELY UPON THE  POLICE DEFENDANT OR  POLICE DEFENDANTS THAT YOU FIND ARE LIABLE ON THAT CLAIM. ALTHOUGH THERE IS MORE THAN ONE POLICE DEFENDANT IN THIS CASE, IT DOES NOT NECESSARILY FOLLOW THAT, IF ONE IS LIABLE, ALL OR ANY OF THE OTHERS ALSO ARE LIABLE. EACH  POLICE DEFENDANT IS ENTITLED TO FAIR, SEPARATE AND INDIVIDUAL CONSIDERATION OF THE CLAIMS AGAINST HIM WITHOUT REGARD TO YOUR DECISION AS TO THE OTHER  POLICE DEFENDANTS. IF YOU FIND THAT ONLY ONE  POLICE DEFENDANT IS RESPONSIBLE FOR A PARTICULAR INJURY, THEN YOU MUST AWARD DAMAGES FOR THAT INJURY ONLY AGAINST THAT  POLICE DEFENDANT.

YOU MAY FIND THAT MORE THAN ONE  POLICE DEFENDANT IS LIABLE FOR A PARTICULAR INJURY. IF SO, THE PLAINTIFFS ARE NOT REQUIRED TO ESTABLISH HOW MUCH OF THE INJURY WAS CAUSED BY EACH PARTICULAR

POLICE DEFENDANT YOU FIND LIABLE. THUS, IF YOU CONCLUDE THE POLICE

DEFENDANTS THAT YOU FIND LIABLE ACTED JOINTLY, THEN YOU MAY TREAT

THEM JOINTLY FOR PURPOSES OF CALCULATING DAMAGES. IF YOU DECIDE

THAT ANY OR ALL OF THE  POLICE DEFENDANTS ARE JOINTLY LIABLE ON A

PARTICULAR CLAIM, THEN YOU MAY SIMPLY DETERMINE THE OVERALL

AMOUNT OF DAMAGES FOR WHICH THEY ARE LIABLE, WITHOUT DETERMINING

INDIVIDUAL PERCENTAGES OF LIABILITY ON THAT CLAIM.

## <u>COURT'S INSTRUCTION NO. 17: LIMITING INSTRUCTION</u>

THE TESTIMONY YOU HAVE HEARD CONCERNING CERTAIN MISCONDUCT COMPLAINTS MADE AGAINST THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS HAS BEEN ADMITTED SOLELY WITH REGARD TO THE PLAINTIFFS' CLAIMS AGAINST THE SHERIFF IN HIS OFFICIAL CAPACITY AND NOT AGAINST ANY OTHER DEFENDANT.  I INSTRUCT YOU THAT YOU MAY CONSIDER SUCH EVIDENCE ONLY FOR THE SPECIFIC LIMITED PURPOSE FOR WHICH IT WAS ADMITTED, NAMELY WITH REGARD TO THE CLAIM AGAINST THE SHERIFF IN HIS OFFICIAL CAPACITY THAT HE FAILED TO SUPERVISE OR TRAIN THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS.  FURTHER, WITH REGARD TO THE PRIOR COMPLAINTS AGAINST THE POLICE DEFENDANTS FRANK CARACCI AND SEAN WILLIAMS: (1) YOU ARE NOT TO ASSUME WHETHER OR NOT ANY OF THE CLAIMS WERE TRUE; (2) NOR SHOULD YOU ATTEMPT TO ASSESS THEIR TRUTH; AND (3) YOU SHOULD FOCUS ONLY UPON WHETHER THE SHERIFF TOOK SUFFICIENT STEPS IN HANDLING THE CLAIMS.

## <u>COURT'S INSTRUCTION NO. 18: DUTY TO DELIBERATE</u>

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG.  HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS.  YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

**COURT'S INSTRUCTION NO. 19: INSTRUCTIONS ON DELIBERATION**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT I HAVE GIVEN YOU CONCERNING YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS AND SIGN AND DATE THE VERDICT FORM. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM.

I WILL ALWAYS FIRST SHOW THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.