UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADELYN ZUPPARDO**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1080** |
| **FRANK CARACCI, et al.,**<br>    **Defendants** | **SECTION "E"** |

**ORDER**

Before the Court is Plaintiffs' motion for new trial,[1] which Defendants oppose.[2]  In it, Plaintiffs assert that "the jury's verdict was grossly erroneous and contrary to the evidence presented," at least as to Madelyn Zuppardo.[3]  Plaintiffs are mistaken and their motion is **DENIED.**

"Although the standard for granting a new trial is less stringent than the standard for granting [judgment as a matter of law] and review is for abuse of discretion," courts should exercise "particularly close scrutiny" when presented with a motion for new trial based on evidentiary grounds.  *Cooper v. Morales*, 535 F. App'x 425, 431 (5th Cir. 2013) (citations omitted).  Accordingly, "'to prevent the trial judge from simply substituting his judgment for that of the jury . . . new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of

---

[1]   R. Doc. No. 160.  Plaintiffs originally asserted a claim of juror misconduct but have since withdrawn that grounds for a new trial.  R. Doc. No. 183.

[2]   R. Doc. No. 163.

[3]   R. Doc. No. 160, p. 7.

1

the evidence.'" *Id.* (quoting *Shows v. Jamison Bedding, Inc.*, 617 F.2d 927, 930 (5th Cir. 1982)). This is particularly so "[w]here, as here, the issues are few and uncomplicated, the case hinges on the weight given to conflicting testimony, and the evidence is not unfairly prejudicial." *Id.* at 431.

At trial, the jury was presented with strongly diverging accounts of the facts. In light of that record, the "jury's conclusions are at least as likely to be true as any others, are not at variance with any established physical laws, and are not against any great evidentiary weight." *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 367 (5th Cir. 1980). Accordingly, the motion for a new trial is **DENIED**.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this 18th day of February, 2014.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**